# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2021

Lyle W. Cayce
Clerk

No. 21-10221
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Austin Lavy Jackson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-55-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Austin Lavy Jackson appeals the 240-month, within-guidelines term of imprisonment imposed following his conviction for distribution and receipt of child pornography. He challenges only the substantive reasonableness of his sentence, asserting that it is greater than

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10221

necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). He alleges that his sentence fails to reflect that: (1) He had "no prior arrests or convictions"; (2) "he never produced pornography or enticed others to be photographed or recorded"; (3) "he only shared the pornography with one other person and only on two occasions"; (4) "most of the pornography he viewed involved postpubescent teenage boys who were relatively close to his own age"; and (5) "he deleted his photos and videos prior to his arrest."

We review a preserved challenge to the substantive reasonableness of the sentence imposed by the district court for abuse of discretion. *See United States v. Johnson,* 619 F.3d 469, 472 (5th Cir. 2010). We apply a rebuttable presumption of reasonableness when a sentence falls within a properly calculated guidelines range. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The record reflects that the district court considered Jackson's mitigation arguments and his request for a sentence below the guidelines range. The district court nevertheless concluded that a sentence within the guidelines range was warranted based on the § 3553(a) factors. Jackson has not shown that the district court did not account for a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error in balancing the sentencing factors. *See id.* His disagreement with the district court's balancing of the sentencing factors is insufficient to rebut the presumption of reasonableness. *See United States v. Koss*, 812 F.3d 460, 472 (5th Cir. 2016).

AFFIRMED.